# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BOLLES, | CIVIL ACTION NO. 3:10-CV-2556 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| INDYMAC MORTGAGE SERVICES, et al., | |
| Defendants. | |

## **MEMORANDUM**

Presently before the Court is the plaintiff's complaint, which insufficiently alleges the plaintiff's and defendant's diversity of citizenship. (Doc. 1.) Because the Court lacks subject matter jurisdiction, the action will be dismissed.

## Background

The plaintiff in this action is John Bolles. Bolles filed a negligence action against the defendants, seeking damages. (Doc. No. 1.) Bolles invoked this Court's jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

The complaint describes Bolles as a citizen of Pennsylvania. The defendants are described as follows:

● Bennie George Bish is described as "an adult individual with last known address [in New York]"

● "IndyMac and One West Bank Defendants have address[es] [in California and/or Michigan]"

● "Defendant Deutsche Bank National Trust Company has an address" in Germany or New York.

**Analysis**

"It is an elementary principle that federal courts are courts of limited jurisdiction, empowered to hear cases only as provided for under Article III of the Constitution and congressional enactments pursuant thereto." *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Federal courts have an obligation to address concerns over subject matter jurisdiction *sua sponte. Id.*

Under the diversity jurisdiction statute, 28 U.S.C. § 1332, "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." When diversity of citizenship provides the grounds for federal jurisdiction, "the pleadings should affirmatively disclose that such diversity exists." *Osthaus v. Button*, 70 F.2d 392, 392 (3d Cir. 1934). Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978). The burden of proving jurisdiction is on the party invoking it.

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232

U.S. 619 (1914). In contrast, corporations may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Additionally, "[a]ll national banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. For diversity jurisdiction purposes, a national bank is "located" in the state designated in its articles of association as the locus of its main office. *See Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006).

Properly alleging diversity jurisdiction does not require extended allegations. Form 7 in the Appendix of Forms of the Federal Rules of Civil Procedure provides examples of properly invoking diversity-of-citizenship jurisdiction. This form instructs that one may simply state, for example, that "the plaintiff is a citizen of Michigan," and that "[t]he defendant is a corporation incorporated under the laws of New York with its principal place of business in New York."

Here, the complaint fails to properly plead the existence of subject matter jurisdiction. Bolles fails to properly allege the citizenship of a single defendant. Alleging where defendant Bish has a "last known address" does not properly allege the state of his citizenship. Likewise, the citizenship of the corporate and banking defendants is unknown.

Alleging where a corporation maintains its *address* is not sufficient under § 1332; the complaint must allege the state of *citizenship*, based on the state where it is incorporated and maintains its principal place of business. Naming the state where it maintains its corporate headquarters is not sufficient, because its corporate headquarters are not necessarily the same as is *its* principal place of business, and for diversity purposes, its citizenship will be determined by the latter under § 1332. *See Hertz Corp. v. Friend*, 130 S.

3

Ct. 1181, 1186 (2010) (concluding that the phrase "principal place of business" refers to "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities" which will "typically" be the headquarters). To pass jurisdictional muster, the complaint must allege where a corporation has "*its* [singular] principal place of business." *See* 28 U.S.C. § 1332 (emphasis added).

Although the plaintiff has failed to properly allege diversity jurisdiction, it may be able to do so if given the opportunity to amend. District courts must permit a curative amendment unless an amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Shane v. Fauver,* 213 F.3d 113, 113 (3d Cir. 2000)). The plaintiff will be given time to amend and the Court urges it to allege (1) the citizenship of the defendant; and (2) the state where the plaintiff has its principal place of business.

The plaintiff's failure to comply with these directions—so that diversity jurisdiction may be exercised under § 1332—will result in the action being dismissed.

## Conclusion

As it currently stands, the complaint fails to show the existence of subject matter jurisdiction. The plaintiff is directed to file an amended complaint within twenty-one (21) days sufficiently alleging jurisdiction. The plaintiff is further advised that failure to respond in the manner explained above will result in the dismissal of the action. An appropriate order follows.

February 25, 2010  /s/ A. Richard Caputo
Date  A. Richard Caputo
  United States District Judge

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN BOLLES,<br><br>　　Plaintiff,<br><br>　　　　v.<br><br>INDYMAC MORTGAGE SERVICES, et al.,<br><br>　　Defendants. | NO. 3:10-CV-2556<br><br>(JUDGE CAPUTO) |

**ORDER**

**NOW**, this 25th day of February, 2011, **IT IS HEREBY ORDERED:**

1) Within twenty-one (21) days of the date of this Order, the plaintiff may file an amended complaint.

2) The plaintiff's failure to file an amended complaint will result in the dismissal of this action.

　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　United States District Judge