UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BOLLES, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:10-2556 |
| v. | : | |
| ONE WEST BANK, DEUTSCHE BANK NATIONAL TRUST CO., | : | (JUDGE MANNION) |
| and BENNIE GEORGE BISH, | : | |
| Defendants | : | |

**MEMORANDUM**

Pending before the court is a motion for judgment on the pleadings filed on behalf of defendants OneWest Bank and Deutsche Bank National Trust Company. (Doc. No. 32). Based upon the court's review of the motion and related materials, the defendants' motion will be granted.

**I.   PROCEDURAL HISTORY**

By way of relevant background, on December 16, 2010, the plaintiff filed the instant personal injury action based upon diversity jurisdiction pursuant to 28 U.S.C. §1332. (Doc. No. 1). By order dated February 25, 2011, the plaintiff was directed to file an amended complaint properly setting forth the citizenship of each of the parties in order to establish the court's subject matter jurisdiction over the action. (Doc. No. 2). The plaintiff filed his amended complaint on March 17, 2011. (Doc. No. 3).

After orders by the court allowing the plaintiff additional time within

which to properly effect service of the action upon defendants Indymac Mortgage Services, a division of One West Bank, FSB, Indymac Bank F.S.B., One West Bank and Deutsche Bank National Trust Co., (Doc. No. 14, Doc. No. 18), summonses were returned reflecting proper service upon all of these defendants except Indymac Mortgage Services. (Doc. No. 19, Doc. No. 20, Doc. No. 21). Indymac Mortgage Services has since been dismissed as a party in this action. (Doc. No. 50)[1].

An answer to the plaintiff's amended complaint was filed on behalf of defendants OneWest Bank and by Deutsche Bank National Trust Co. on November 15, 2012. (Doc. No. 22).

On March 11, 2013, defendants OneWest Bank and Deutsche Bank National Trust Company filed the instant motion for judgment on the pleadings, (Doc. No. 32), along with a brief in support thereof, (Doc. No. 33). The plaintiff filed a brief in opposition to the defendants' motion on April 7, 2013, (Doc. No. 36). On April 15, 2013, the defendants filed their reply brief. (Doc. No. 37).

## II.  LEGAL STANDARD

The standard for deciding a motion for judgment on the pleadings pursuant to Rule 12(c) is identical to that for deciding a motion to dismiss

---

[1] In fact, the only defendants remaining in this action are OneWest Bank, Deutsche Bank National Trust Co., and Bennie George Bish.

pursuant to Rule 12(b)(6). Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991). In deciding the defendants' motion, the court must read the complaint in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). The court also need not accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 554 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555. See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (holding that, while the complaint need not contain detailed factual allegations, it must contain more than a "formulaic recitation of the elements" of a claim and must state a claim that is plausible on its face) (quoting Bell Atlantic Corp. v. Twombly, supra, and providing further guidance on the standard set forth therein).

In deciding the defendants' motion, the court should generally consider

only the allegations contained in the complaint, the exhibits attached to the complaint, matters of public record, and "undisputably authentic" documents which plaintiff has identified as the basis of his claim. See [Pension Benefit Guarantee Corp. v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)](#).

### III. DISCUSSION

Taking the factual allegations in the plaintiff's complaint as true, as the court must do in considering the defendants' motion for judgment on the pleadings, the plaintiff alleges that on or about December 26, 2008, at approximately 10:30 p.m., he was a pedestrian at the intersection of Sellersville Drive and State Route 209 in Middle Smithfield Township, Monroe County, Pennsylvania. At that time, defendant Bish was operating a motor vehicle which knocked down and ran over the plaintiff after a confrontation regarding the plaintiff's property. As a result of the incident, the plaintiff suffered significant injuries, including, but not limited to, injuries to his back and neck, pain, periodic seizures and concussion, some or all of which may be permanent in nature.

Based upon the above allegations, the plaintiff has brought the instant two-count action. In Count I, the plaintiff alleges that defendant Bish was negligent. Specifically, the plaintiff alleges that the collision was a direct and proximate result of defendant Bish's failure to keep his vehicle under proper

and adequate control; failure to operate his vehicle with due regard for the rights and safety of the plaintiff; failure to operate his vehicle in a safe and prudent manner; and operating a motor vehicle in violation of the laws of the Commonwealth of Pennsylvania including, but not limited to, recklessly operating a motor vehicle.

As to the remaining defendants, in Count II, the plaintiff alleges that they were negligent in that they hired, employed and promoted various agents, servants, workers and/or employees, to wit, Bennie George Bish, who had the responsibility or obligation to properly perform work; failed to establish procedures and programs to determine whether employees and/or potential employees were and are fit and capable of properly performing the requirements of their respective employment; failed to properly supervise its agents, servants, workers and/or employees; and were otherwise negligent, careless and/or unlawful under the circumstances in the hiring, employing, training and/or promoting its agents, servants, workers and/or employees who were responsible for work on the subject property.

In their motion for judgment on the pleadings, the moving defendants argue that the basis of the plaintiff's claim against them is that defendant Bish was an agent and/or employee of the entities. The moving defendants argue that the incident complained of occurred on December 26, 2008, and that OneWest Bank, FSB, did not come into existence until March 19, 2009, when

it was granted its charter by the FDIC[2]. Because OneWest did not exist at the time of the incident, the moving defendants argue that it is impossible that defendant Bish was working as an agent or employee of OneWest.

Upon review of the plaintiff's amended complaint, the only specific allegation with respect to OneWest Bank is that "OneWest Bank and IndyMac Mortgage services, a division of OneWest Bank, FSB, are corporations incorporated under the laws of California with their principal place of business in California." (Doc. No. 3, ¶4). While the plaintiff argues in his opposing brief that the instant motion is premature because discovery is required to determine the relationships between and among the bank entities, the fact is that there are simply no factual allegations in the plaintiff's amended complaint to support the claims asserted against OneWest Bank which was not yet in existence at the time of the incident at issue. As such, the defendants' motion for judgment on the pleadings will be granted in this respect and the plaintiff's amended complaint will be dismissed as to defendant OneWest Bank. However, dismissal of the plaintiff's amended

---

[2]In making their argument, the moving defendants ask the court to take judicial notice of the charter information published on the FDIC website, which is a public document establishing when OneWest was granted its charter by the FDIC. As with a motion to dismiss, in deciding a motion for judgment on the pleadings, the court may look beyond the allegations of the plaintiff's complaint and consider matters of public record. Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

complaint will be without prejudice[3], subject to renewal if the plaintiff can make the appropriate factual allegations of successor liability, after the close of discovery[4].

The moving defendants next argue that the plaintiff has failed to allege a sufficient causal connection between any conduct by them and the incident during which the plaintiff was injured.

To state a claim for negligence under Pennsylvania law, a plaintiff must allege: (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the interests of another. Morena v. S. Hills Health Sys., 462 A.2d 680, 684 n.5 (Pa. 1983).

To establish a causal connection between the moving defendants' conduct and the plaintiff's injuries, the plaintiff must show that the moving

---

[3]While the plaintiff has already been given the opportunity to file an amended complaint, the court notes that this was only with respect to the allegations related to subject matter jurisdiction. The defendants will not be prejudiced by the court allowing the plaintiff to file a substantive amendment, if appropriate.

[4]Fact discovery closed in this matter on March 1, 2014. Therefore, the plaintiff will have any discovery he needs to determine whether amendment of his claims against the bank entities is appropriate. In light of the clear insufficiency of the facts presently pleaded he is specifically reminded of the requirements of Fed. R. Civ. P. 11, and the potential consequences for violating them.

defendants were a proximate cause of the plaintiff's injuries. See Hamil v. Bashline, 392 A.2d 1280,1284 (Pa. 1978) (citing Flickinger Estate v. Ristky, 305 A.2d 40 (Pa. 1973); Dornan v. Johnston, 218 A.2d 808 (Pa. 1966); Cuthbert v. Philadelphia, 209 A.2d 261 (Pa. 1965); Gift v. Palmer, 141 A.2d 408 (Pa. 1958); Fries v. Ritter, 113 A.2d 189 (Pa. 1955)). Proximate cause is "a term of art denoting the point at which legal responsibility attaches for the harm to another arising out of some act of [the] defendant; and it may be established by evidence that the defendant's negligent act or failure to act was a substantial factor in bringing about the plaintiff's harm." Hamil, 392 A.2d at 1284 (citing Flinkinger Estate, 305 A.2d at 43).

Plaintiff does not respond to the proximate causation argument raised by the moving defendants except to say that he has met the standards of pleading required by federal law and that he "clearly avers in his Complaint that the actions of the Defendants caused his injuries." Upon review, plaintiff alleges in his amended complaint that defendant Bish was operating a motor vehicle which knocked down and ran over the plaintiff "after a confrontation regarding Plaintiff's property." Plaintiff alleges that defendant Bish was working as an agent/employee of the defendant business entities. The plaintiff has failed, however, to allege in his amended complaint how each of the moving defendants' actions or omissions were a substantial cause of his injuries. He has pled no connection between the conduct of the moving defendants, the dispute over the plaintiff's property and the alleged actions of

defendant Bish which led to the plaintiff's injuries. The court agrees therefore that the plaintiff has failed to properly allege how each defendants' actions or omissions were the proximate cause of his injuries. As such, the moving defendants' motion for judgment on the pleadings will be granted on this basis as well, with the plaintiff being allowed an opportunity to amend his complaint, if appropriate.

Finally, the moving defendants argue that the plaintiff has failed to properly allege an agency relationship existed between them and defendant Bish. Again, the plaintiff does not do much to challenge this argument in his opposing brief other than to say that it is his position that defendant Bish was an agent of one or all of the entity defendants and that discovery is needed in further support of the issue. In his amended complaint, the plaintiff, in a most conclusory manner, simply alleges that "Defendant [Bish] was working as an agent and/or employee of any or all of the Defendant business entities." Such conclusory allegations of an agency or employment relationship are insufficient to survive a motion for judgment on the pleadings. See e.g., Garczynski v. Countrywide Home Loans, Inc., 656 F.Supp.2d 505, 512-13 (E.D.Pa. 2009) (holding that under Iqbal, a plaintiff's conclusory allegations of agency were insufficient to establish actual or apparent authority); Attanasio v. Community Health Systems, Inc., 2011 WL 5008363 (M.D.Pa. Oct. 20, 2011) (pleading employment relationship, without more, is not entitled to an assumption of truth). As such, the defendants' motion for judgment on

the pleadings will be granted on this basis as well, with the plaintiff being allowed an opportunity to amend his complaint, if appropriate.

## IV. CONCLUSION

In light of the foregoing, an appropriate order shall issue.

s/ <i>Malachy E. Mannion</i><br>
<b>MALACHY E. MANNION</b><br>
<b>United States District Judge</b>

**Date: March 6, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2010 MEMORANDA\10-2556-01.wpd